IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

MIRZA MILAGROS AYALA-ABREU,

Defendant.

CRIMINAL NO. 17-474 (GAG)

## REPORT AND RECOMMENDATION

Defendant Mirza Milagros Ayala-Abreu was charged in a One Count Information and she agreed to plead guilty to the only Count of the Information. Count One of the Information charged Defendant with possession with intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A)(ii).

On August 16, 2017, Defendant appeared before this Magistrate Judge since the Rule 11 hearing was referred by the court. Defendant was provided with the Waiver of Indictment and a Waiver of Right to Trial by Jury, which she signed and agreed upon voluntarily after examination in open court, under oath.

Defendant indicated and confirmed her intention to plead guilty to Count One of the Information, upon being advised of her right to have said proceedings before a district judge of this court.[1] Upon verifying through Defendant's statement her age, education

---

[1] The form entitled Consent to Proceed before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the

and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain her capacity and ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to Defendant's competency and ability to understand the proceedings.

Having further advised Defendant of the charge contained in above-stated Count One of the Information, she was examined and verified as being correct that she had consulted with her counsel Luis R. Rivera-Rodríguez, prior to the hearing to enter a plea of guilty, that she was satisfied with the services provided by her legal representative and had time to discuss with him all aspects of the case, insofar, among other things, regarding the hearing to enter the plea, the consent to proceed before a United States Magistrate Judge, the content of the Information and Waiver of Indictment, and charges therein, her constitutional rights, and the consequences of the waiver of same.

Defendant was specifically apprised by this Magistrate Judge that, by entering a plea of guilty to the charges specified, she was waiving her right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict. She was also waiving her right to be presumed innocent and for the Government to meet the obligation of establishing her guilt beyond a reasonable doubt. Furthermore, she was

---

record.

waiving her right during said trial to confront the witnesses who were to testify against her and be able to cross-examine them, through counsel at said trial, as well as present evidence on her behalf. She was also waiving the right to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify. Defendant was specifically apprised of her right to take the stand and testify, if she so decided, or not to testify, and no inference or decision as to her guilt could be made from the fact if she decides not to testify. Defendant was also explained her right not to incriminate herself; that upon such a waiver of all above-discussed rights a judgment of guilty and her sentence were to be based on her plea of guilty, and she would be sentenced by the judge after considering the information contained in a pre-sentence report.

As to all the above, Defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of her counsel, indicated she freely and voluntarily waived those rights and understood the consequences. During all this colloquy, Defendant was made aware that she could freely request from this Magistrate Judge any additional clarification, repetition, or ask questions and that she may consult with her attorney at any given time as to any issue.

Having ascertained directly from Defendant that she had not been induced in any way to plead guilty, that no one had forced her in any way to plead guilty, nor that she had been offered any reward or any other thing of value to get her to plead guilty, the document entitled "Plea Agreement (Pursuant to Fed. R. Crim. P. 11(c)(1)(B) FRCP)" ("the

Agreement") and the "Plea Agreement Supplement"[2] were shown to Defendant, verifying her signature and initials on each and every page.

Defendant expressed her understanding of the penalties prescribed by statute for the offenses as to which she was pleading guilty. The maximum statutory penalty for the offense charged in Count One of the Information is a term of imprisonment which shall not be less than ten (10) years and up to a term of life, a fine not to exceed ten million dollars ($10,000,000.00), and a term of supervised release of not more than five (5) years, all pursuant to Title 21, United States Code, Section 841(b)(1)(A).

Prior to defendant's change of plea hearing, Defendant shall pay a special monetary assessment of one hundred dollars ($100.00), per count of conviction.

As part of the written Agreement, the Government, the Defendant, and his counsel also agreed that they were aware that the Sentencing Guidelines are no longer mandatory and are thus considered advisory.

The above-captioned parties' estimate an agreement that appears on pages three (3) and four (4), paragraph seven (7) of the Agreement, regarding the possible applicable advisory Sentencing Guidelines, were further elaborated and explained. Pursuant to USSG §2D1.1(c)(5), the base offense level for at least five (5) kilograms but less than

---

[2] Defendant acknowledged discussing the "Plea Agreement Supplement" with her counsel and stated she understood the terms and consequences of the same. Defense counsel recognized she explained to Defendant the content of the "Plea Agreement Supplement" and explained to Defendant its consequences.

fifteen (15) kilograms of cocaine shall be of thirty (30). Pursuant to USSG §3B1.2(a), a decrease of four levels is agreed for a mitigating role. A decrease of three (3) levels is agreed for acceptance of responsibility. Therefore, the total adjusted offense level is of twenty-three (23). This total adjusted offense level yields an imprisonment range of forty-six (46) to fifty-seven (57) months, assuming a Criminal History Category of I; fifty-one (51) to sixty-three (63) months, assuming a Criminal History Category of II; fifty-seven (57) to seventy-one (71) months, assuming a Criminal History Category of III; seventy (70) to eighty-seven (87) months, assuming a Criminal History Category of IV; eighty-four (84) to one hundred and five (105) months, assuming a Criminal History Category of V; ninety-two (92) to one hundred and fifteen (115) months, assuming a Criminal History Category of VI.

The parties make no stipulation as to Defendant's Criminal History Category.

As to Count One, and after due consideration of the relevant factors enumerated in Title 18, United States Code, §3553(a), the parties agree to request a sentence at the lower end of the applicable guideline range for a total offense level of twenty-three (23) when combined with defendant's criminal history category as determined by the Court.

The defendant recognizes that the count of conviction carries a statutory minimum sentence of one hundred and twenty (120) months of imprisonment.

The United States and the Defendant agree that no further adjustments or departures to the Defendant's base offense level shall be sought by the parties.

As part of the written Agreement, the Government, the Defendant, and her counsel also agreed they are aware that the Sentencing Guidelines are no longer mandatory and are thus considered advisory.

The Government presented to this Magistrate Judge and to Defendant, assisted by her counsel, a summary of the basis in fact for the offenses charged and the evidence the Government had available to establish, in the event Defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt. Counsel and Defendant acknowledged the evidence of the Government was fully disclosed to them and previously discussed between the two. Defendant was also read and shown a document entitled "Statement of Facts", which had been signed by Defendant and her counsel and is attached to the Agreement, wherein the signature of counsel for the Government also appears. Defendant was able to understand the explanation and agreed with the Government's submission.

Defendant was explained that the Agreement with the Government does not bind any other district, except the district of Puerto Rico, and it contained all the promises, terms and conditions which Defendant, her attorney and the Government, have entered.

Having once more ascertained that Defendant has indicated not being induced to plead guilty, and was entering such a plea because in fact she is guilty, without any promises or predictions being made as to the sentence to be imposed by the court, Defendant was informed that parole has been abolished under the Advisory Sentencing

Reform Act and that any sentence of imprisonment would be served, without her being released on parole. Defendant was additionally informed that prior to sentence, the sentencing judge will have a pre-sentence report and that it would be made available to her, to her counsel and to the Government, so that they be allowed to correct or object to any information contained in said report which was not accurate.

Defendant was informed that she can appeal her conviction if she believes that her guilty plea was somehow unlawful or involuntary or if there is some other fundamental defect in the proceedings which was not waived by her guilty plea. Defendant was also informed that she has a statutory right to appeal her sentence under certain circumstances particularly if the sentence is contrary to law. With few exceptions, any notice of appeal must be filed within fourteen (14) days of judgment being entered in the case. Defendant was also apprised the right to appeal is subject to certain limitations allowed by law because her Plea Agreement contains a waiver of appeal in paragraph ten (10) which was read to Defendant in open court. Defendant recognized having knowledge of the waiver of appeal, discussing the same with her counsel and understanding its consequences. Defense counsel acknowledged discussing the waiver of appeal and its consequences with his client.

Defendant was read Count One of the Information in open court and she indicated she availed herself of the opportunity to further discuss same with her attorney and then she positively stated that what was contained in Count One was what she had done and

to which she was pleading guilty during these proceedings. Thereafter, Defendant expressed in no uncertain terms that she agreed with the Government's evidence as to her participation in the offense. Thereupon, Defendant indicated she was pleading guilty to Count One of the Information in Criminal No. 17-474 (GAG).

This Magistrate Judge after having explained to the Defendant her rights, ascertaining that she was acting freely and voluntarily to the waiver of such rights and in her decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Count One of the Information in Criminal No. 17-474 (GAG).

IT IS SO RECOMMENDED.

The sentencing hearing is set for December 14, 2017 at 9:00 AM before Honorable Gustavo A. Gelpí, District Judge.

The parties have fourteen (14) days to file any objections to this report and recommendation. Amended Fed. R. Crim P. 59 (b)(2). See also Amended Local Rules. Failure to file same within the specified time waives the right to appeal this order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792

United States v. Mirza Milagro Ayala-Abreu
Criminal No. 17-474 (GAG)
Report and Recommendation
Page 9

---

F.2d 4 (1st Cir. 1986).  See Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988).

San Juan, Puerto Rico, this 21st day of August of 2017.

>s/ CAMILLE L. VELEZ-RIVE
>CAMILLE L. VELEZ-RIVE
>UNITED STATES MAGISTRATE JUDGE